IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENDRIA NEWSOME,                  §
                                  §
              Plaintiff,          §
                                  §
VS.                               §   CIVIL ACTION H-12-1938
                                  §
HARRIS COUNTY AND CONSTABLE MAY   §
WALKER,                           §
                                  §
              Defendants.         §

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, alleging wrongful termination of Plaintiff Kendria Newsome under Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983, is Defendants Harris County and Constable May Walker's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)(instrument #3).

**Standards of Review**

"When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Crenshaw-Logal v. City of Abilene, Texas*, No. 11-10264, 2011 WL 3363872, *1 (5th Cir. Aug. 4, 2011), *quoting Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. Mar. 15, 2011); Fed. R. Civ. P. 12(h)(3).  If a complaint

-1-

could be dismissed for both lack of jurisdiction and for failure to state a claim, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Crenshaw-Logal*, 2011 WL 3363872, *1, *quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).  The reasons behind this practice are to preclude courts from issuing advisory opinions and barring courts without jurisdiction "'from prematurely dismissing a case with prejudice.'".  *Id.*, *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998), and *Ramming*, 281 F.3d at 161.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction.  The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion.  *Ramming*, 281 F.3d at 161.  In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in

the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson*, 2008 WL 4692392 at *10, *citing Garcia*, 104 F.3d at 1261. "Unlike in a facial

attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).

Here Defendants have mounted a facial attack under Rule 12(b)(1) on Plaintiff's Original Petition.

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1940 (2009).

Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an

allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is

"appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

### Allegations in Plaintiff's Original Petition[1]

Plaintiff was employed as a deputy for Harris County Precinct 7 under Constable May Walker ("Walker") from 2001 until 2004. She returned to work in January 2005, but was allegedly wrongfully terminated on June 29, 2010 in retaliation for refusing to file criminal charges against a citizen who was involved in a disturbance on May 26, 2010. Before her termination her performance evaluations reflect that she was meeting or exceeding expectation as a deputy.

Plaintiff asserts that she was terminated by Walker based on four alleged incidents in 2010 and an aggravating incident from

---

[1] Although the pleading was filed in this federal court, Plaintiff uses the term, "Petition."

2008.   First,  Plaintiff  was  purportedly  disrespectful  and
insubordinate to Sergeant Anil Sharma ("Sharma") during an incident
on Griggs Road on May 26, 2010.  Plaintiff responded to an incident
there,  and  Sharma  and  other  peace  officers  followed.   Sharma
ordered Plaintiff to arrest a suspect for one of three possible
crimes.  Plaintiff did not think that a crime had been committed
and  asked  and  received  Sharma's  permission  to  call  Plaintiff's
direct supervisor, Sergeant Griffin.  Griffin arrived and concluded
that no crime had been committed, and Plaintiff did not make an
arrest.   Subsequently Captain Lionel Aron ("Aron") with Internal
Affairs investigated a complaint made by Sharma and concluded that
Plaintiff had violated department policies and procedures.   Aron
testified to the Texas Workforce Commission ("TWC") that Plaintiff
should have made the arrest and subsequently, if she believed
Sharma's order was unlawful, filed a report with Walker.  Plaintiff
maintains that Harris County policies and procedures mandate that
she is not required to obey an order that is contrary to the
relevant law.   She further claims that because she refused to
follow Sharma's order, Sharma, Walker, and Harris County began
retaliating against her.

Second, Plaintiff alleges that after Plaintiff transferred
from the Civil Division without receiving adequate training about
policies and procedures, and without knowing that she should,
Defendants charged that she failed to activate her patrol vehicle's

video/audio device on June 16, 2010 when transporting a suspect. Sharma, Aron, and Walker purportedly conspired to find that she committed an act of misconduct for failing to comply with operating procedures. Plaintiff contends that the dash camera automatically activated when Plaintiff turned on her sirens and lights and that a video in Defendants' possession demonstrates that she attempted to turn on the dash camera when it was already activated. She maintains Aron failed to perform an appropriate investigation to determine the merits of the charge.

Third, continuing their retaliatory activity, Defendants complained that Plaintiff was again disrespectful and insubordinate to Sharma during roll call on June 15, 2010. Plaintiff was carrying her cell phone when a male officer's cell phone rang during the roll call. Sharma targeted Plaintiff and accused her of interrupting roll call. Sharma complained that Plaintiff failed to put her phone away and continued to hold it in her hand. Aron investigated the complaint and found that Plaintiff was insubordinate. He took no disciplinary action against the male officer whose phone had rung. Plaintiff maintains that she continued to hold her cell phone because it did not fit into the pockets of her uniform and that she placed it on her lap and did not look at it again during the roll call. On June 22, 2010 Defendant distributed a policy regarding cell phones at the work place and found Plaintiff in violation of it even though that

-10-

policy did not exist at the time of the incident.

Fourth, on June 21, 2010 Plaintiff failed to comply with a 11:00 a.m. order from Aron to submit a written statement regarding the June 15th cell phone incident before she left the station. Plaintiff thought he meant before her shift ended at 3:00 p.m. She claims that she left the station, wrote her statement using her patrol car's computer, as deputies typically prepare such statements, and returned to the field. Around 1:00 p.m. Aron learned that she had left the station premises and had her dispatched back to the station, where he told her that since she had not submitted her report before leaving, she was suspended immediately, pending an investigation. Plaintiff claims that the order did not specify that she could not leave the building until she had completed a written statements. She insists she did not disobey a direct order or demonstrate insubordination.

Plaintiff's termination letter of June 29, 2010 mentions a September 3, 2008 suspension for insubordinate conduct and behavior and disrespect for a fellow employee, but her 2008 performance evaluation does not include a reference to any suspension nor indicate that the there was any pattern of insubordination justifying termination.

Plaintiff states that she was unemployed until December 2010, when she was hired at lower pay at Precinct 4. She was laid off in March 2011 because of budget shortfalls. She remained unemployed

-11-

until July 2011, when she was hired at San Jacinto College.  Her salary is approximately 60% of her salary at Precinct 7. Defendants' unlawful practices have deprived her of equal employment opportunities and adversely affected her status as an employee because of her gender.  She claims that Defendants intentionally and maliciously or with reckless indifference to her federally protected rights retaliated against her for the single reason that she refused to perform an illegal act and pursued her in a retaliatory and discriminatory pattern to discipline and terminate her.  *Sabine Pilot Service Inc. v. Hauck*, 687 S.W. 2d 733, 735 (Tex. 1985)(recognizing, as a "very narrow exception" to the employment-at-will  doctrine that permits termination at will and without cause at any time unless the parties have contractually agreed otherwise, the discharge of an employee solely for the reason that he refused to perform an illegal act, i.e., to commit a crime).

### Defendants' Motion to Dismiss (#3)

Defendants contend that Newsome alleges facts that can only support one of her claims, i.e., that under *Sabine Pilot* she was wrongfully terminated in retaliation for refusing to file criminal charges against a citizen involved in a disturbance on May 26, 2010.  She details a series of disciplinary actions taken by Walker against her for failure to follow the purported unlawful order issued by a sergeant of Precinct 7.

-12-

Defendants point out that Newsome did not file an EEOC charge based on any of the allegations in her pleadings. Nor does she allege any facts that describe disparate, discriminatory or retaliatory conduct or conduct of any kind by Walker or any employee/agent of Harris County that could be actionable under Title VII.[2] Nor does she allege any facts to support a claim under

---

[2] Under section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1), it is "an unlawful employment action for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."

Under the statute, suit may be brought under two distinct theories of discrimination, disparate treatment and disparate impact. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977); *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006), *cert. denied*, 549 U.S. 888 (2006). Title VII expressly prohibits both (1) intentional discrimination based on race, color, religion, sex or national origin, known as "disparate treatment," as well as (2) an employer's facially neutral practices that are discriminatory in operation against protected groups (race, color, religion, sex or national origin) and not required by the nature of the job, known as "disparate impact". 42 U.S.C. §§ 2000e-2(a)(1) and 2000e(k)(1)(A); *Ricci v. DeStefano*, 129 S. Ct. 2658, 2672-73 (2009); *Pacheco*, 448 F.3d at 787. The instant suit is one for disparate treatment, which requires proof of discriminatory motive. *Pacheco*, 448 F.3d at 787.

Plaintiffs claiming employment discrimination must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Failure to exhaust administrative remedies "is not a procedural 'gotcha' issue," but "a mainstay of proper enforcement of Title VII remedies." *McClain v. Lufkin Industries, Inc.*, 519 F.3d 364, 272 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 198 (2008).

Under Title VII, 42 U.S.C. § 2000e-5(e)(1), a charge of discrimination must be filed with the EEOC within 180 days after the occurrence of the alleged discriminatory practice unless the complainant has instituted proceedings with a state or local agency with the authority to grant of seek relief from unlawful employment

42 U.S.C. §§ 1983 and 1981.  She does not mention her race or the race of any other individual and makes no allegations that she was treated more harshly or differently than any other employee in the office based on race.  Nor does she raise any issue about a custom, policy or practice that caused he to suffer a constitutional deprivation.

Thus, insist Defendants, she has failed to state a claim under Title VII.  To bring a claim under Title VII, a plaintiff must first exhaust her administrative remedies.  *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982).  Exhaustion requires that a plaintiff file a timely charge with the EEOC within 180 days of learning of his claim and receive a statutory notice of right to sue.  *Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  Once he receives the right-to-sue letter, he has ninety days to file suit.  *Id.*  Plaintiff failed to file any complaint with the EEOC and failed to allege any kind of actionable conduct that would raise an issue under Title VII.

Nor does Plaintiff state a claim under 42 U.S.C. § 1981. Section 1981 does not provide a cause of action against local

---

practices, under which circumstances the period for filing such a charge with the EEOC was extended to 300 days.  *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994).  In Texas the qualifying state agency originally was the Texas Commission on Human Rights ("TCHR").  Effective March 1, 2004, the Texas Workforce Commission, Civil Rights Division, assumed the powers and duties of the TCHR. *Little v. Texas Dept. of Crim. Justice*, 148 S.W. 3d 374, 377-78 (Tex. 2004).

government entities; instead a plaintiff must assert a cause of action against state actors under 42 U.S.C. § 1983. *Jett v. Dallas I.S.D.*, 491 U.S. 701, 731 (1989)("Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981."); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 462-63 (5th Cir. 2001), *cert. denied*, 534 U.S. 949 (2001).[3]

To bring suit against a municipality or local governmental entity under 42 U.S.C. § 1983 requires that plaintiff allege facts showing that the municipality deprived plaintiff of rights guaranteed by the Constitution or federal law as the result of an official policy or custom. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658,  693 (1978); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997).  Thus because she fails to allege such a policy or custom, she fails to state a claim

---

[3] The 1991 amendments did not modify the *Jett* holding.  *See, e.g., Harris v. City of Balch Springs*, Civ. A. No. 3:11-CV-2307-L, 2012 WL 4512490, *14 (N.D. Tex. Sept. 30, 2012)("section 1983 does not provide for a cause of action independent of section 1983 against state actors, and  .  .  .  the exclusive remedy for enforcement of rights secured by section 1981 is a cause of action brought pursuant to section 1983"), *citing Oden*, 246 F.3d at 463 ("We are persuaded that the conclusion reached in *Jett* remains the same after Congress enacted the 1991 amendments.").

The Court further notes § 1981 applies to race discrimination in the making and enforcement of contracts.  *Harris v. City of Balch Springs*, 2012 WL 4512490, * 14, *citing Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983).  claims.  Plaintiff has not even mentioned her or any other person's race and thus not stated a race discrimination claim under § 1981 or Title VII.

-15-

against Harris County under § 1983.

Plaintiff also fails to state a claim against Walker in her individual capacity under Sections 1983 and 1981.  In *Oden*, 246 F.3d at 463, the Fifth Circuit determined that section 1981 implicitly provides a cause of action against private actors in private employment discrimination cases.  Since a section 1981 case against a governmental entity must be brought through section 1983, the decision maker must be acting under color of state law and cannot be acting outside of his official capacity in order to come under section 1983.  *Id.* at 464.  Only state actors, not private individuals, can make official decisions and therefore be responsible for discriminatory decisions concerning government contracts.  *Id.* ("Likewise, when a plaintiff asserts a cause of action under § 1981 for discrimination in the terms and conditions of a municipal employment contract, the proper defendant is the government employer in his official capacity.").  Individual municipal employees are not liable under § 1981.  *Id.*, 246 F.3d at 464. In *Oden* the Fifth Circuit further noted that the United States Supreme Court "has not imposed personal liability on elected officials for discrimination in the terms and conditions of a local government employment contracts." *Id.*

Nor can Plaintiff sue Constable Walker in her individual capacity under Title VII, which provides for suit against

"employers" only, as defined by the statute.[4]  *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994)("Only 'employers,' not individuals acting in their official capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII.").[5]  *See also Harvey v. Blake*, 913 F.3d, 226, 227 (5th Cir. 1990)(concluding that a public official's liability under Title VII is premised on her role as an agent of the city, so any recovery must be against her in her official, not individual capacity).

In summary, Plaintiff's individual capacity claims against Walker must be dismissed.

Because the only cause of action alleged in the Petition that is supported by any factual allegations is the state-law claim under *Sabine Pilot*, which does not support jurisdiction in federal court, the case should be dismissed.

## Plaintiff's Response (#7)

Reiterating allegations in her Petition, Plaintiff emphasizes that her performance evaluations for 2008-09 demonstrate that she was meeting or exceeding expectations as a deputy and that Walker signed off on them.

Plaintiff states that her conduct was the subject of

---

[4]    Title 42 U.S.C. § 2000(e)(b).

[5]  *See also Foley v. University of Houston Sys.*, 355 'f.3d 333, 340 n.8 (5th Cir. 2003)(Title VII "relief . . . is available only against an employer, not an individual supervisor or fellow employees.").

-17-

investigations and hearings by the Texas Workforce Commission and the Texas Commission on Law Enforcement Officer Standards and Education afer she specifically complained about the discriminatory and retaliatory conduct of Defendants.  She claims that following her termination on July 28, 2010, she filed an appeal with the Texas Workforce Commission regarding denial of her unemployment benefits.  On October 5, 2010, a final order issued in Plaintiff's favor regarding her termination.  #7-3, Exhibit A.  On July 8, 2010 she challenged her  F5 Report[6] before the Texas Commission on Law

---

[6] F-5 Report of Separation of Licensee, filed by Constable May Walker with the Texas Commission on Law Enforcement Officer Standards and Education, state that Newsome received a dishonorable discharge and was "[t]erminated for an administrative violation(s) of truthfulness or insubordination."  #7-3, Ex. A, at p.3.  The Commission did not examine whether there was discrimination, but the accuracy of whether the F-5 Report designation of the termination was correct, i.e., whether the termination should be "honorably discharged," "general discharge," or "dishonorably discharged."  Id. at p. 7.  The Commission concluded,

> The only explanation for Deputy Newsome's termination, based upon the persuasive evidence in the record, is that Constable Walker and one or more of her staff no longer wished to employ Deputy Newsome.  This is an honorable discharge--termination at will.  It is also apparent that it would be a mutually dissatisfying experience for Deputy Newsome to remain in her position given the conditions under which she would be working.
> Therefore, the F-5 Report's designation of "Dishonorably Discharged" and "Terminated for an administrative violation(s) of truthfulness or insubordination should be changed to "Honorably Discharged" and "Terminated at Will" with an attached explanation:  "Mutual dissatisfaction."

Id. at p. 8.
The Court notes that the challenge that Newsome filed with the TWC was not with the Civil Rights Division and was not a charge of

Enforcement Officer Standards and Education.

## Defendants' Reply (#8)

Plaintiff argues that she filed with the administrative agency responsible for licensing Texas police officers, the Texas Commission on Law Enforcement Officer Standards and Education, challenging Walker's F5 Report. These filings are not a substitute or means of satisfying her obligation to exhaust administrative remedies under Title VII. She fails to explain her reason for including claims under § 1981 or 1983 and does not raise an issue of race discrimination. The only factual allegations in her Petition relate to her claim of termination for refusing to perform an illegal act, a state-law cause of action to protect at-will employees under *Sabin Pilot Service.* Such a claim does not overcome the state governmental entity's sovereign immunity. *Salazar v. Lopez*, 88 S.W. 3d 351, 352-53 (Tex. App.--San Antonio 2002, no pet.)(the *Sabine Pilot* exception does not waive sovereign immunity), *citing Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W. 2d 767, 777 (Tex. App.--Houston [1st Dist.] 1999, pet. dism'd w.o.j.), and *Carroll v. Black*, 938 S.W. 2d 134, 135 (Tex. App.-- Waco 1996, writ denied). Thus the lawsuit should be dismissed in its entirety.

---

discrimination, as would be the case for a Title VII or TCHRA exhaustion claim, but a challenge to employment benefits and the designation of her discharge.

### Court's Decision

Sovereign immunity has been waived under Title VII for claims against state agencies as employers.  *Perez v. Region 20 Educ. Service Center*, 307 F.3d at 326 n.1 (5th Cir. 2002); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57(1976).  ("[W]e have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII"), *citing Ussery v. Louisiana ex rel. La. Dep't of health & Hospitals*, 150 F.3d 431, 434-35 (5th Cir. 1998).  Nevertheless Plaintiff's failure to respond to the specific arguments raised in the motion to dismiss relating to her Title VII claim, specifically that she fails to assert a discrimination case based on race, not to mention any other protected categories under Title VII, indicates that she does not have one.  Nor does she respond to Defendants' challenge that she did not file the requisite EEOC complaint.  Nor does she respond to their contention that she does not allege any facts that describe disparate, discriminatory or retaliatory conduct or conduct of any kind by any employee/agent of Harris County that could be actionable under Title VII.  Thus the Court concludes that Plaintiff's Title VII claims against Harris County are dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be GRANTED.  Nor can Walker be liable in her individual capacity under Title VII.  "Only employers, not individuals acting in their individual capacity, who do not otherwise meet the definition of 'employers,' can be liable

under Title VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).  "[I]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 387 (5th Cir. 2003), *citing Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002).

Moreover, as a matter of law Plaintiff has no claim against Harris County or Walker under § 1981.  As noted Plaintiff cannot sue a local state entity under that statute; instead Plaintiff must assert her claims against Harris County and Walker in her official capacity for violations of Plaintiff's civil rights under § 1983. *Jett*, 491 U.S. at 731 ("Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages brought against state actors alleging violations of the rights declared in § 1981.").  Nor does Plaintiff have a cognizable claim against Walker in her individual capacity under § 1981, which provides a cause of action based on racial discrimination only against private actors in private employment discrimination cases. *Oden*, 246 F.3d at 463 ("§ 1981 implicitly created an independent cause of action against private actors because no other statute created such a remedy," but "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law".), *citing Jett*, 491 U.S. at 731, and *Runyon v. McCrary,* 427 U.S. 160, 174-75 (1976).  Thus municipal employees in their individual capacities are not liable under § 1981.  Moreover

-21-

the Harris County Constable Walker is an elected official, and therefore not liable in her individual capacity under § 1983 for discrimination in the terms and conditions of a local government employment contract.   *Oden*, 246 F.3d at 464 (noting that "the Supreme Court has not imposed personal liability on elected officials for discrimination in the terms and conditions of local government employment contracts.").

Claims against local government units under § 1983 are only cognizable when the allegedly improper action was taken pursuant to an official policy or custom.  *Monell*, 436 U.S. at 690-91.  "It is well settled that local governmental entities such as counties are liable for damages under § 1983 for constitutional violations resulting from official county policy or custom."  *Flores v. Cameron County, Tex.*, 92 F.3d 258, 263 (5th Cir. 1996), *citing Monell*, 436 U.S. at 690-91.  To prevail on a claim for municipal liability under § 1983 a plaintiff must show the existence of a constitutional violation caused by a municipality's adoption or failure to adopt a particular policy and that the municipality acted intentionally or with deliberate indifference in carrying out the policy that led to the constitutional violation.  *Colle v. Brazos Cty., Texas*, 981 F.2d 237, 244-46 (5th Cir. 1993); *Drain v. Galveston County*, 999 F. Supp. 929, 936 (S.D. Tex. 1998).  Plaintiff fails to allege any facts to support a claim against Walker and Harris County under § 1983.  She fails to raise any

-22-

issue about a custom, policy or practice of Harris County that caused Plaintiff to suffer a constitutional deprivation under § 1983. Nor does she identify a constitutional violation. Her suit for wrongful discharge against Walker can only be in Walker's official capacity.  This Court concludes that Plaintiff fails to state a claim against Walker and Harris County under 42 U.S.C. § 1983.

Plaintiff emphatically insists she has stated a claim for wrongful discharge based on the *Sabine Pilot* exception to the employment at will doctrine by "alleging that she refused to perform an illegal act and her refusal was the only reason she was terminated." #7 at p. 9.  Because of the dismissal of the federal claims, the Court has no jurisdiction, in particular supplemental jurisdiction, over this state-law cause of action.  Nevertheless, the Court also points out that even if Plaintiff files this claim in state court, the *Sabine Pilot* exception to the employment-at-will doctrine does not supercede the State's right to assert sovereign immunity in state court. *Univ. of Tex. Medical Branch at Galveston v. Hohman*, 6 S.W. 3d 767, 777 (Tex. App.--Houston [1[st] Dist.] 1999), *citing Carroll v. Black*, 938 S.W. 2d 134, 135 (Tex. Waco 1996), writ denied).  Not only is Harris County entitled to sovereign immunity, but so, too, is Walker as a state official sued in her official capacity, since the discharge of Plaintiff was effected in that capacity. *Id., citing id. See also City of El*

*Paso v. Heinrich*, 284 S.W. 3d 366, 380 (Tex. 2009); *Nueces County v. Thornton*, No. 13:-03-011-CV, 2004 WL 396608, *5 (Tex. App.-- Corpus Christi Mar. 4, 2004).

Moreover, because she has failed to cure and cannot cure these deficiencies[7], the Court finds that granting Plaintiff leave to amend the federal claims against Walker would be futile.

Accordingly, the Court

ORDERS that this Plaintiff's federal claims under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 are DISMISSED for failure to state a claim for which relief may be granted under Fed. Rule of Civil Procedure 12(b)(6).  The Court further

ORDERS that Defendants' motion to dismiss Plaintiff's claims for wrongful termination under *Sabine Pilot* against Walker and Harris County based lack of jurisdiction under Rule 12(b)(1) is GRANTED, but with prejudice because the claim would be barred by sovereign immunity in state court.

**SIGNED** at Houston, Texas, this __24th__ day of __January__, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[7] Under Title VII, that would particularly include the failure to file a timely EEOC complaint.